NO. 07-02-0012-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 2, 2002


______________________________



LARRY CRUZ




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 00-08-04685-CR; HON. JAMES H. KEESHAN, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J. QUINN, and REAVIS, JJ.

 Larry Cruz appealed his conviction of capital murder. The record was filed on May
3, 2002, making the appellant's brief due to be filed by June 3, 2002. Mike Aduddell
(Aduddell), appellant's counsel, filed a motion for extension of time to file appellant's brief
on June 4, 2002 purporting that he ". . . is a sole practioner and has a very active and civil
criminal trial practice" and that the cause is a "capital murder conviction and the reporter's
record comprises over 1600 pages alone . . . and is time consuming to read." The court
granted the extension to July 3, 2002. On July 5, 2002, Aduddell came in with another
motion for extension of time to file the brief with the same explanation for the delay. The
court again granted an extension and set the due date as July 24, 2002. So too did it
admonish appellant and counsel that no further extensions would be granted and failure
to comply with the deadline would result in the abatement of the cause per Tex. R. App. P.
38.8(b)(2). Nevertheless, the court received another motion from Aduddell on July 25, 2002
requesting another 30 days to file the appellant's brief; the reason mentioned as justification
for the relief consisted of the allegation that he ". . . had sustained a very serious shoulder
injury and . . . had not taken any medication to ease the pain as the medication . . . would
render [him] incapable of doing any type of work in a coherent manner." He states that he
has been scheduled for an MRI and surgery on July 30, 2002 at which time he anticipates
that he "would be able to perform [his] practice and would be capable of completion of this
brief." 

 Consequently, we abate this appeal and remand the cause to the 359th District
Court of Montgomery County (trial court) for further proceedings. Upon remand, the trial
court shall immediately cause notice of a hearing to be served upon the parties and,
thereafter, conduct a hearing to determine the following:


 
 whether appellant desires to prosecute the appeal; 
 


 2. whether appellant is indigent; and,


 whether appellant has been denied the effective assistance of counsel due
to counsel's medical condition coupled with the time constraints posed by
counsel's purportedly civil and criminal trial practice which have resulted in
his failure to timely file a brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105
S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent
defendant is entitled to the effective assistance of counsel on the first appeal
as of right and that counsel must be available to assist in preparing and
submitting an appellate brief). 


 The trial court is further ordered to execute findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
also direct it to appoint new counsel to assist appellant in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel appointed to represent appellant must also be included in the court's findings of
fact and conclusions of law. Furthermore, the trial court shall also cause to be developed
1) a supplemental clerk's record containing the findings of fact and conclusions of law, and
2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record and reporter's record to be filed with the clerk of this court on or before September
4, 2002. Should additional time be needed to perform these tasks, the trial court may
request same on or before September 4, 2002. (1)

 It is so ordered.

 Per Curiam

Do not publish. 
1. In remanding the case, we do not ignore the contention that counsel purportedly suffers physical 
injury. Yet, a doctor's statement accompanying the motion indicates that counsel sustained a "significant
injury requiring a semi-urgent reconstructive procedure", is in "significant pain," and "should be excused from
his judicial proceedings." Absent from the statement is any indication of when the doctor thought counsel
could resume the performance of the duties owed to appellant. Nor does counsel provide such information,
other than simply suggesting that he "believes" that 30 days would suffice. This is of import because an
appellant, and the public, has an interest in the speedy resolution of this appeal. And, if counsel's injury
poses an obstacle to achieving that interest, corrective action must be taken. 



strict. Tex. Gov’t Code Ann. § 22.201 (Vernon 2004). We can identify
no basis for jurisdiction over appellant’s appeal. Appellant acknowledges that his appeal
in cause number 82666 is pending before the Ninth District Court of Appeals.
          Appellant’s petition filed in this Court refers to Rule 17.1 of the Texas Rules of
Appellate Procedure, which addresses instances in which a court of appeals is unable to
take immediate action, and Rule 17.2, which provides for action by “the nearest court of
appeals that is able to take immediate action.” Tex. R. App. P. 17.1, 17.2. Appellant
appears to contend that the rule has application here. Based on the statements in
appellant’s petition, we disagree that Rule 17 has application in the circumstances
described. In addition, appellant provides no explanation how, given the great distance
between Beaumont and Amarillo, this Court could be considered the nearest available
court of appeals.
          Further, we take judicial notice that a case search of the Ninth District Court of
Appeals’s website reveals that an appeal of the trial court cause number referenced in
appellant’s petition is currently pending before that Court.
          For these reasons, we conclude that we lack jurisdiction over appellant’s attempted
appeal. Accordingly, it is dismissed.
                                                                           Mackey K. Hancock

                                                                                     Justice



Do not publish.